**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0325-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MALCOLM S. HUNTER,
a/k/a S. HUNMALCOLM,

      Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided January 17, 2024

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 19-12-1886.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Malcolm S. Hunter appeals from a July 28, 2022 order denying his petition for post-conviction relief (PCR) without a hearing. Before the PCR court, defendant challenged plea counsel's effectiveness. On appeal, defendant reprises the same arguments, raising the following contentions for our consideration:

POINT I

BECAUSE [PLEA] COUNSEL DID NOT PREPARE A DEFENSE WHERE THERE WAS A WRITTEN STATEMENT THAT EXCULPATED DEFENDANT AND DEFENDANT'S PLEA OF GUILTY WAS NOT VOLUNTARY, COUNSEL FOR DEFENDANT WAS INEFFECTIVE.

    A. The [Trial] Court's Erroneous Decision In The Detention Hearing.

    B. [Plea] Counsel Should Have Interviewed Ms. McCauley About Her Statement For Admissibility At Trial.

    C. Defendant's Plea Of Guilty Was Not Entered Knowingly And Intelligently.

We reject these contentions and affirm substantially for the reasons expressed by Presiding Judge Guy P. Ryan in his cogent written decision.

The pertinent facts and procedural history were accurately summarized in Judge Ryan's decision and need not be repeated here in the same level of detail. In essence, defendant was arrested in Eagleswood Township in September 2019,

2

after State troopers seized a loaded .45 caliber handgun following a search of a car registered to co-defendant Regina McCauley and driven by defendant shortly before their encounter with law enforcement. Troopers searched the car after they responded to an ice cream shop in Eagleswood Township following a report of a stolen Lexus bearing North Carolina license plates. Upon their arrival, defendant and McCauley were standing outside the car. Defendant told the troopers he had taken the car "around the corner" without McCauley's permission. Detecting the odor of alcohol while speaking, the troopers administered a field sobriety test. Defendant appeared to be under the influence and was arrested.

An ensuing search of the Lexus revealed open containers of alcohol in the car and a gym bag located behind the front passenger seat. The bag contained the loaded handgun, defendant's social security card, and several bottles of medication reflecting his name. At the scene, neither defendant nor McCauley claimed possession of the gun.

At the station, defendant and McCauley gave written Mirandized statements to the troopers. Defendant maintained he had no knowledge of any weapons in McCauley's car. Conversely, McCauley claimed prior to their car trip from North Carolina to New Jersey, defendant "had said something about

3

bringing a gun for protection" but she "told him[, ']NO. I am a felon and I can't be around guns.[']" McCauley further stated she had "no idea" the gun found in "[defendant's] bag" was in her vehicle; the gun did not "belong to [her]"; and she "d[id]n't even know what kind of gun it [wa]s." Following his arrest, defendant was detained and retained private counsel.

Defendant and McCauley were charged in an Ocean County indictment with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one), and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two). In view of his prior conviction for robbery, N.J.S.A. 2C:15-1, defendant also was charged with second-degree certain persons not to possess firearms, N.J.S.A. 2C:39-7(b). Defendant was detained pending trial.

In December 2019, defendant moved to reopen his detention hearing based on the report of his investigator, memorializing a conversation with McCauley. According to the report, McCauley backtracked from her statement to law enforcement and claimed ownership of the gun. McCauley told the investigator she "d[id] not want to put anything in writing until she is represented by an attorney" but "[w]as wiling to tell the court" that the handgun

belonged to her. "[R]eluctant to rely upon a statement attributed to [McCauley] by [defendant's] investigator," the trial court denied defendant's application.

In March 2020, defendant moved to suppress the evidence seized from McCauley's car. While the motion was pending, defendant retained another attorney (plea counsel), who unsuccessfully moved to reopen the detention hearing. In support to his motion, defendant relied on a purported, undated affidavit of McCauley, retracting her post-arrest statement to the troopers and elaborating on her ownership of the gun. McCauley claimed she "had forgot[ten] the gun was in [her] spare tires compartment so [she] put it in [her] book bag before [defendant] could see it [and] didn't want him to know [she] had it."

According to email exchanges among plea counsel, McCauley's counsel, the prosecutor, and the trial court, McCauley's attorney was unaware of his client's "affidavit," and maintained her "plea is not guilty and will remain so." The court concluded:

> The "affidavit" is neither an affidavit nor a certification. At best, it is a notarized statement and, under the circumstances, not competent evidence. It does not evince that it is under oath or is truthful or that it acknowledges that there are sanctions attaching to false swearing. In short, the document is not persuasive, much less dispositive of the issue.

The court, however, did not preclude McCauley from entering a guilty plea, and "undergo[ing] a stern cross[-examination] on her allocution in light of her original statement."

In September 2020, defendant withdrew his suppression motion and pled guilty to second-degree unlawful possession of a handgun. In exchange for defendant's guilty plea, the State agreed to dismiss the remaining charges against defendant and McCauley. Thereafter, defendant was sentenced to an aggregate prison term of five years with a forty-two-month parole disqualifier under the Graves Act, N.J.S.A. 2C:43-6(c).

In May 2021, defendant filed a timely pro se petition for PCR, accompanied by his certification and legal memorandum. The following month, he filed a direct appeal of his sentence. Accordingly, the PCR court dismissed defendant's petition without prejudice in view of his pending appeal. We thereafter heard defendant's appeal on an excessive sentencing calendar pursuant to Rule 2:9-11, and affirmed. State v. Hunter, No. A-2856-20 (App. Div. Dec. 10, 2021).

The PCR court then reinstated defendant's petition and assigned counsel, who filed a supplemental brief on defendant's behalf. Pertinent to his claims renewed on appeal, defendant argued plea counsel "fail[ed] to investigate more

fully the position of the co-defendant[,] who perfectly exculpated [defendant]" in her "affidavit." More particularly, defendant claimed plea counsel failed to "t[ake] an additional statement from this co-defendant." In view of this inaction, defendant further argued his plea was not "voluntary and intelligently made." Following oral argument, Judge Ryan reserved decision.

Shortly thereafter, the PCR judge issued a detailed written decision, squarely addressing the errors alleged in view of the governing Strickland/Fritz[1] framework. The judge denied the overlapping claims for relief. Citing controlling precedent, the judge essentially concluded defendant either failed to support his assertions with a sworn statement that complied with Rule 3:22-10(c) and Rule 1:4-4 or the record belied his claims. For example, the PCR judge noted plea counsel attempted to "pursue[] the issue" with co-counsel. The emails among counsel and the court support the judge's finding. Further, the judge concluded defendant's claims otherwise lacked merit.

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984) (recognizing to establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense"); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Having considered defendant's renewed contentions in view of the applicable law and the record evidence, we are satisfied he failed to meet the <u>Strickland/Fritz</u> test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992). We affirm Judge Ryan's cogent decision and conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We simply add to the extent defendant seeks to challenge the trial court's decision in Point IA, his claims are procedurally barred under <u>Rule</u> 3:22-4 because they could have been asserted on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0325-22